## WARMACK *v.* WILLIAMSON.

### Opinion delivered November 10, 1924.

1. EQUITY—MOTION TO SET ASIDE DECREE—EVIDENCE.—On defendant's motion to set aside a decree in plaintiff's favor, evidence as to an alleged agreement by plaintiff to dismiss the action *held* insufficient to warrant the court in setting aside the decree.

2. EQUITY—REFUSAL TO SET ASIDE DECREE.—Where, on defendant's petition to set aside a decree in plaintiff's favor, the trial court heard all the testimony anew, and no request was made for time to introduce any further testimony, and the original decree was correct on the evidence, the court properly refused to set aside the decree.

3. VENDOR AND PURCHASER—FRAUDULENT REPRESENTATION.—The fact that the purchaser of land indorsed without recourse notes to the vendor as part payment did not absolve him from liability for false representations as to the security on such notes.

Appeal from Miller Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

*J. M. Carter* and *B. E. Carter,* for appellant.

One who indorses "without recourse" is a qualified indorser. C. & M. Digest, § 7804. Such an indorser warrants merely (1) that the instrument is genuine in all respects what it purports to be; (2) that he has a good title to it. C. & M. Digest, § 7831. Where one, by mistake or fraud, has gained an unfair advantage in proceedings in a court, which must operate to make that

court an instrument of injustice, courts of equity will interfere and restrain him from reaping the fruits of the advantage thus improperly gained. 89 Ark. 359; 73 Ark. 281; 128 Ark. 59. The lower court abused its discretion in refusing to set aside the decree and to allow appellant to defend the suit. 9 Ark. 354.

*M. E. Sanderson,* for appellee.

A person seeking to set aside a judgment rendered against him by default must state his defense and make a *prima facie* showing of merit, in order that the court may determine whether he is injured by not being permitted to have the benefit of it. 123 Ark. 443. One who seeks to vacate a default judgment on the ground of fraud assumes the burden of proving such fraud. 93 Ark. 462. A person will not be relieved against the legal consequences of his default, except to enable him to interpose a meritorious defense. 9 Ark. 354; 5 Ark. 183.

McCULLOCH, C. J. Appellant prosecutes this appeal from an order of the chancery court of Miller County refusing to set aside a decree rendered against him in favor of appellee by that court on a former day of the same term. The original decree was rendered by the court on September 1, 1923, and the order refusing to set it aside was rendered by the court on September 15, 1923.

The basis of the effort to have the orginal decree set aside is an allegation by appellant that appellee, through her attorney and agent, promised, after the institution of the action, to dismiss it, and that the decree was taken in violation of that agreement and without notice to him.

The litigation arose out of the sale of a plantation in Miller County by appellee to appellant. Appellee owned the property, and on January 18, 1923, sold and conveyed it to appellant for a consideration of $80,000, of which $40,000 was to be paid by the assignment of four notes held by appellant, aggregating the sum of $40,000, executed to him by a Mrs. Franklin and secured by a third mortgage on an apartment house in Kansas City,

Missouri. Appellant was to borrow, and did borrow, from a joint stock land bank $28,000, which was paid over to appellee, and for the remaining sum of $12,000 of the purchase price he gave appellee notes and executed a mortgage on the conveyed property, subject to the mortgage given to the joint stock land bank. Appellant assigned the notes to appellee by indorsement without recourse, and, as before stated, the notes were accepted as part payment of the purchase price of the plantation. Appellant took possession of the plantation and operated it during the year 1923.

Appellee commenced the present action against appellant on July 12, 1923, alleging that appellant had induced her to accept the notes of Mrs. Franklin by false and fraudulent representation that the notes were then secured by a third mortgage on the Kansas City property, whereas, in truth and in fact, Mrs. Franklin had, before that time, conveyed the property to appellant in payment and cancellation of the notes. The prayer of the complaint was that the assignment of the notes to appellee be canceled on account of the alleged fraud and that she recover of appellant the amount thereof, $40,000, with interest, and that a lien be declared on the land for the amount.

Immediately after the institution of the action and the service of summons on appellant, he went to see appellee and her attorney, and he claims that they then and there agreed that they would dismiss the action and give him time to make a resale of the plantation, which he claimed he could do within a reasonable time, and that he would, in case of a resale of the property, give them one-fourth of all the price of the sale of his equity over and above $40,000. Appellee denies that she made that agreement. Appellant claims that, as soon as the alleged agreement with reference to the dismissal of the action was made between him and appellee, he proceeded with his efforts to sell the plantation, but did not succeed, though his efforts were continued up to the time he received notice of the decree, and that appellee, in viola-

tion of the agreement, procured the decree on September 1, 1923, without notice to him; that he had no information that the suit had not been dismissed until after he heard that the decree had been rendered.

Appellant testified in support of his claim concerning the agreement to dismiss the action, and his testimony tended to support his claim. He was also supported by the testimony of his son, who testified that he was present at the conference between appellant and appellee, and that the alleged agreement to dismiss the action was, in fact, entered into.

Appellee and her attorney both testified that there was no agreement made to dismiss the action, except a proposal made in a certain letter written by appellee's attorney and delivered to appellant. They testified that there was a conference between them and appellant, at which appellant proposed to sell the land and divide the profits as claimed by appellant, but that no agreement was reached in the conference. W. L. Perkins, a real estate agent, who negotiated the transaction between the parties, was also present at the conference, and he testified to the same effect as the testimony of appellee and her attorney. Perkins was to assist appellant in making a resale of the property. The next day after this conference, or the day thereafter, appellee's attorney addressed a letter to Perkins, setting forth the terms and conditions upon which appellee would deal further with appellant in regard to the resale of the plantation. In this letter it was proposed that, if appellant would find a purchaser for his equity in the plantation who would assume the payment of the mortgage to the joint stock land bank and the second mortgage to appellee, and pay all the accrued interest on these mortgages, and pay appellee $5,000 in cash, and either pay or satisfactorily secure the amount of $8,000, with interest, which appellee had advanced to appellant, appellee would agree to dismiss the action. The letter concluded as follows: "For your information, the chancery court, where this suit is brought, will not be in session again until the first day

of September, so you can see no action can be taken until that time. I am willing to cooperate with you in making a trade that will bring about a settlement indicated in this proposition, but I am not willing to go any further than is suggested in this letter.'' Perkins was directed to deliver this letter to appellant, and he immediately did so. He testified that he thought the letter was addressed to appellant himself, and that appellant read the letter, and they discussed it. He testified that he told appellant that ''he had better look after this thing, that somebody might catch him with his pants down,'' and that appellant replied that he ''was looking after all that, that he had this letter.''

We are of the opinion that appellant has not made a sufficient showing of promises or conduct on the part of appellee or her attorney to call for setting aside the former decree of the court. The preponderance of the evidence is against him on the issue. Certainly it cannot be said that the preponderance of the evidence is against the finding of the chancellor. The testimony of appellant is supported only by that of his son, and it is in conflict with the testimony of appellee and her attorney and Perkins. In addition to that, appellant admits that he received the letter which was delivered to him by Perkins, on the next day after appellant's conference with appellee and her attorney. He admits he read the letter, but that, after reading it, he went to see appellee's attorney again, that he understood the suit had already been dismissed, and proposed that a writing be prepared and signed evidencing the agreement, but that appellee's attorney replied that ''that was not necessary; they would attend to that.'' This is all denied by the attorney, and appellant's testimony is in conflict with that of appellee and her attorney and Perkins. After reading the letter from appellee's attorney, appellant had no right to assume that the suit had been dismissed, or would be dismissed, or that the proceedings would be postponed later than September 1.

There is still another reason why the court was not in error in refusing to set aside the decree: that is, that

the court heard all the testimony anew on the petition to set aside the original decree, no request was made for time to introduce any further testimony, and the original decree was correct on the evidence finally adduced.

The fraudulent misrepresentations claimed by appellee to have been made to her by appellant were fully made out by the proof. It is uncontradicted that, at the time appellant purchased the plantation from appellee and transferred the Franklin notes to her, Mrs. Franklin had, more than eight months before that time, executed to him a deed conveying to him her equity in the Kansas City property in cancellation of the notes. This deed was placed on record by Mrs. Franklin herself, and mailed to appellant. This extinguished the notes, which no longer constituted a lien, as the legal title had been conveyed to appellant in satisfaction of the notes. It is true that appellee would have had, on discovery of those facts, a right of action to set aside the cancellation of the notes, so far as concerned appellant himself, and reinstate the mortgage lien as against appellant, but this would have meant a lawsuit, and, as against any subsequent innocent purchaser, would not have been available. Appellant claims that he did not accept the conveyance from Mrs. Franklin, and that he reconveyed the property to her, but the proof shows that this reconveyance was not executed until after the commencement of the present action, and that the deed was not actually delivered to Mrs. Franklin. Appellant's indorsement of the notes was without recourse, but this fact did not absolve him from the effect of his alleged false and fraudulent representations to appellee, at the time he purchased the plantation from her, that the Franklin notes constituted a lien on the Kansas City property. In either view of the matter we are of the opinion that the chancery court was correct in refusing to set aside the original decree, and its order in that respect is therefore affirmed.